IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **RANSON KASHIF MCCAIN,** : | |
| : | |
| Petitioner, : | |
| VS. : | |
| : | NO. 5:21-CV-00238-MTT-CHW |
| **GEORGIA DEPARTMENT OF** : | |
| **CORRECTIONS,** : | |
| : | |
| Respondent. : | |
| _____ : | |

## ORDER

*Pro se* Petitioner Ranson Kashif McCain, an inmate most recently confined in the Riverbend Correctional Facility in Milledgeville, Georgia, has filed a document that has been construed as a federal petition for writ of habeas corpus seeking relief pursuant to 28 U.S.C. § 2241 (ECF No. 1). Petitioner's application was transferred to this Court on July 15, 2021 from the Northern District of Georgia (ECF No. 8), but subsequent correspondence from the Court was returned as undeliverable with a notation indicating that Petitioner had been released from jail. Mail Returned 1, July 26, 2021, ECF No. 14. On August 6, 2021, Petitioner was thus advised that his lawsuit could not continue if the Court did not have a current mailing address for Petitioner, and he was ordered to respond and show cause why his lawsuit should not be dismissed for failing to keep the Court apprised of his mailing address. Petitioner was given twenty-one (21) days to comply, and he was warned that the failure to fully and timely comply with the Court's orders and instructions would result in the dismissal of his lawsuit. *See generally* Order, Aug. 6,

2021, ECF No. 13.

The time for compliance passed without a response from Petitioner, presumably because the Court's August 6, 2021 Order was also returned as undeliverable (ECF No. 14).  The Georgia Department of Corrections offender query system confirms Petitioner was released from its custody on July 9, 2021 and does not reveal Petitioner's current whereabouts.   http://www.dcor.state.ga.us/GDC/Offender/Query (searched "McCain, Ranson") (last accessed Sept. 10, 2021).   As Petitioner was previously advised, his failure to fully and timely comply with the Court's orders and instructions is grounds for dismissal of his case, and this case cannot proceed if the Court does not have a current mailing address for Petitioner.  *See* Fed. R. Civ. P. 41; *see also Slack v. McDaniel*, 529 U.S. 473, 489 (2000) (noting that the failure to comply with a court order is grounds for dismissal in a habeas case).   Petitioner's Petition shall therefore be **DISMISSED without prejudice.**

Petitioner also has no absolute entitlement to appeal this dismissal.   Before he may appeal, the district court must first issue a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2254, Rule 11(a); *see also Reedman v. Thomas*, 305 F. App'x 544, 545 (11th Cir. 2008) (per curiam) (granting COA on issue of whether habeas petition was properly dismissed for failure to comply with court order).  When, as here, "the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," a COA will not be issued unless the prisoner can show, at least, "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it

debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 478. Reasonable jurists could not find that a dismissal of the instant action for Petitioner's repeated failure to comply with the Court's orders was debatable or wrong. *See Knox v. Morgan*, 457 F. App'x 777, 779 (10th Cir. 2012) (denying COA where district court dismissed habeas petition without prejudice for failing to comply with court orders). Petitioner is accordingly **DENIED** a COA. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam) (approving denial of COA before movant filed a notice of appeal).

**SO ORDERED**, this 10th day of September, 2021.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
